IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ARTHUR CASTILLO, #11649-002                                               PETITIONER

VERSUS                                       CIVIL ACTION NO. 5:11-cv-76-DCB-JMR

UNITED STATES OF AMERICA, et al.                                        RESPONDENTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court, <u>sua sponte</u>, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Institute, Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on May 13, 2011. He names the United States of America, Department of Justice, Bureau of Prisons and Bruce Pearson as respondents.[1] Upon a review of the petition [1], this Court finds as discussed below that the petitioner cannot maintain the instant petition for habeas relief pursuant to 28 U.S.C. § 2241.

Background

Petitioner was convicted in 2006 of conspiracy to distribute and possession with intent to distribute marijuana, cocaine, and methamphetamine and was sentenced to 121 months. <u>See</u> Pet. [1] at p. 5. In the instant petition [1], petitioner presents the following upon which he requests habeas relief:

> (1) Did the District Court have subject matter jurisdiction over Petitioner to hear his case pursuant to 18 U.S.C. § 3231, given the fact the 1947 vote on the Bill was without quorum, in violation of the quorum clause of the constitution, which was the <u>only</u> House vote on the Bill in 1947, and <u>NO</u> vote by the House occurred in 1948, the second session of the 80th Congress, and therefore the 1948 enactment of Public Law 80-772, which was codified as Title 18 of the U.S.C., was unconstitutional?

---

[1]This Court finds that the proper party respondent is the petitioner's custodian, Bruce Pearson, Warden - FCI Yazoo, where the petitioner is presently incarcerated. <u>See</u> 28 U.S.C. § 2243.

(2) Does the Federal Bureau of Prisons have the authority to continue to confine the petitioner?

Petitioner argues in the instant petition that "[t]he court had no jurisdiction over Petitioner pursuant to Title 18 U.S.C. § 3231, given the fact that the enactment of Public Law 80-772 which codified as Title 18 of the U.S.C., was unconstitutional." Pet. [1] p.3. Specifically, Petitioner claims that 18 U.S.C. § 3231, which establishes that federal district courts have jurisdiction over all offenses against the laws of the United States, was never properly enacted because the 1947 vote on the Bill was without quorum, in violation of the quorum clause of the Constitution. See Pet. [1] p.2. Therefore, the district court did not have jurisdiction to convict and sentence him.

Additionally, the petitioner claims that the Bureau of Prisons does not have the authority to incarcerate him based on the following:

> (1) Director Lappan confirmed with the Office of Legal Counsel as stated that in the interest of public safety they had the right under the 1909 Criminal Code to imprison the petitioner, but that is incorrect because the Public Law 80-773 which was signed into law in 1948 repealed the previous Title 18 (Public Law 80-772) is not a valid statute and that Public Law 80-773 was enacted repealing the previous jurisdictional authority;
>
> (2) Mr. Lappan h[a]s stated the BOP has the right to hold the petitioner under the 1909 Criminal Act. This would be incorrect because under the Fair Warning Doctrine, a court does not have jurisdiction pursuant to the 1909 enactment of Title 18; and
>
> (3) Petitioner was convicted of *i.e.*, "conspiracy to distribute and possess W/I/T/D/ marijuana, cocaine, and methamphetamine" [which] did not exist in the 1909 Act.

See Pet. [1] at p. 3.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto,

956 F.2d 83, 84 (5th Cir.1992).  As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. Immigration and Naturalization Service,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

Under the circumstances of the instant civil action, it is clear that the petitioner is not challenging the execution of his sentence, but the conviction and sentence itself.  As such, the instant petition "must either be dismissed or construed as a section 2255 motion," Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000), unless the petitioner "can satisfy the mandates of the so-called § 2255 'savings clause,' " Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).

Case law has made it abundantly clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).  The United States Court of Appeals for the Fifth Circuit in Reyes-Requena, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim when both prongs of the test are satisfied, as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d 893, 904 (5th Cir. 2001). The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." Id. at 903.

This Court finds that in order for the petitioner to meet the first prong of the Reyes-Requena test he must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir.2001). According to the petitioner, he is basing his request for relief on a memorandum from the Director of Prisons, Harley G. Lappan. Clearly, petitioner does not assert that his claim is based on a retroactively applicable decision rendered by the United States Supreme Court that established that he is actually innocent of the underlying crime for which he was convicted and that the instant claim was foreclosed by circuit law at the time he filed his motion to vacate pursuant to 28 U.S.C. § 2255. Thus, the petitioner has failed to meet the requirements of Reyes-Requena and he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

Notwithstanding the petitioner's failure to meet the "savings clause," this Court finds that petitioner's claim that Public Law 80-772, which is the provision that enacted 18 U.S.C. § 3231 establishing jurisdiction of the federal district courts, is invalid because it was never voted into law by both Houses of Congress is without merit. See U.S. v. Risquet, 426 F. Supp. 2d 310 (E.D. Pa. 2006)(stating that President Truman signed Section 3231 into law on June 25, 1948, after the 1948 amendment to Section 3231 passed both houses of Congress, and that the amendment and statute were "properly enacted and . . . binding."); Lister v. United States, 2006 WL 3751324 (N.D. Tex. Dec. 20, 2006)(finding that "the law was properly enacted."); Delreth v.

United States, 2006 WL 1804618, at *4 (S.D. Tex. June 27, 2006)(noting that "even if 18 U.S.C. § 3231 was flawed, legislation that pre-dated section 3231 would have operated to give the Court jurisdiction over federal crimes."). Additionally, this Court finds that this similar argument has already been rejected by other courts. See DeCarlo v. Hollingsworth, 2010 WL 5135883 (S.D. Ill. Dec. 10, 2010)(determining that a § 2241 petition could not be maintained based on the argument that 18 U.S.C. § 3231 has not been properly enacted into law.); United States v. Siegleman, 2007 WL 1284276 (M.D. Ala. Apr. 30, 2007)(providing that "even the briefest of forays into the electronic databases available for legal research yields a long list of judicial opinions that have considered and rejected" this claim that "18 U.S.C. § 3231, the statute which gives the district courts of the United States original jurisdiction over all offenses against the laws of the United States, was not properly enacted.")(collecting cases); Campbell v. Gonzalez, 2007 WL 1035021 (E.D. Ky. Mar. 29, 2007)(finding that the petitioner's claim that "the respondents have no authority to hold him in custody because 'Public Law 80-772 was never voted into law by the Senate during any session of the 80th congress' " was without merit.). Consequently, petitioner has not presented in the instant habeas action claims upon which § 2241 habeas relief can be granted.

## Conclusion

Based on the above discussion, this § 2241 petition will be dismissed with prejudice as frivolous.

A final judgment in accordance with this memorandum opinion and order shall be issued.

SO ORDERED, this the      25th      day of May, 2011.

           s/ David Bramlette  
           UNITED STATES DISTRICT JUDGE